UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
    Plaintiff,

v.                                                                     CIVIL ACTION NO. 12-10742-RWZ

JOHN DOE 1, ET AL.,
    Defendants.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

On April 23, 2012, Plaintiff Jason Shola Akande ("Akande"), an immigration detainee at the Suffolk County House of Correction ("SCHC") in Boston, Massachusetts,[1] filed a self-prepared pleading entitled "Criminal Complaint Against I.C.E. Agent John Doe 1; and I.C.E. Agent John Doe 2." Compl. at 1. He asserts that this Court has jurisdiction over this action because he is a victim, and his "Victimizers" committed crimes in Massachusetts. Id. He does not know the defendants' true names, but asserts that he can uncover their names through discovery.

Essentially, Akande raises the same claims previously asserted in a civil action pending in this Court. See Akande v. ICE Agent Crutchfield, et al., Civil Action No. 11-12288-RWZ. In that action, Akande alleged that he was thwarted in his attempt to challenge, *inter alia*, his criminal conviction in the United States District Court in Hartford, Connecticut, based on governmental misconduct in connection with his trial. To support his allegations, he needed to have his legal documents. He claimed that the ICE Director, ICE Agent Crutchfield, and prison officials conspired to deprive him of his legal documents as part of a plan to cover-up the governmental misconduct in

---

[1]Akande is awaiting removal pursuant to a final order of removal.

Connecticut. As a result, he claimed that he has lost his criminal, civil, and immigration cases. This Court has prohibited Akande from filing any further Amended Complaints in that action without court permission after the defendants have responded to the Complaint.

It appears that, because Akande may not add additional parties in that civil action, he has filed the instant action as a purported "criminal" complaint. He again alleges that the ICE defendants have obstructed justice by denying him access to his legal materials and other correspondence. He further contends that the defendants denied his many grievances for these materials, and destroyed his evidence.[2]

As an additional matter, Akande contends that between 2010 and December 2011, all of his letters of complaint directed to the Office of Professional Responsibility for the Department of Homeland Security were intercepted, opened, read, and secretly kept from him by the defendants. He also alleges that the defendants did not permit his sealed letters to be mailed through the postal system to the address designated by him. Akande asserts this constitutes mail tampering -- a federal crime -- and seeks to file this criminal complaint against John Doe 1 and John Doe 2.

## DISCUSSION

I.  Screening Authority

A district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. See Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp.,

---

[2]Akande does not specify what actions were taken by each of the defendants; rather, he asserts his claims collectively against ICE agents.

221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case).[3]

A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision). Further, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.[4]

## II. A Private Citizen Cannot Bring a Criminal Action Against Another

Here, Akande cannot state a claim upon which relief may be granted by this Court, and thus this action is frivolous as that term in used in legal parlance. This is because a private citizen, such as Akande, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728

---

[3] See also Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard, 490 U.S. at 307-308; Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider).

[4] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

3

(D. P.R. 1990) (same); see also Carlsen v. Carlsen, 2011 WL 2632260, *2 (D. Mass. 2011); Alldredge v. Schwarzenegger, 2010 WL 3749440, *3 (C.D. Cal. 2010) ("[t]o the extent Petitioner seeks an order of some sort initiating criminal proceedings against anyone, he states no claim. Private citizens may not initiate criminal actions) citing Keenan, 328 F.2d at 611 ("to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime."); Keyter v. Air India Officers, 2010 WL 4226508, *2 (D. Del. 2010) (same).

Further, section 547 of title 28 states, in relevant part, that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States." 28 U.S.C. § 547 (1). Thus, Akande does not have standing to bring a criminal action in federal court because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

Accordingly, this action will be DISMISSED *sua sponte*.[5]

---

[5]In light of the *sua sponte* dismissal of this action, the court need not resolve the filing fee issue.

III. <u>Akande's Criminal Complaint is An Abusive, Vexatious, and/or Malicious Filing</u>

As a final matter, this Court notes that Akande is, or should be, well aware that as a private citizen he may not file criminal complaints against other individuals, because this Court previously discussed this matter in another of Akande's civil cases. <u>See</u> <u>Akande v. Horgan</u>, 2012 WL 1207217, *2 n.1 (D. Mass. 2012) <u>citing</u>, *inter alia,* <u>United States v. Panza</u>, 381 F. Supp. 1133, 1138 (W. D. Pa. 1974); <u>Pugach v. Klein</u>, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961).

In light of this, apart from being frivolous for the reasons discussed above, this instant action also is considered to be abusive, vexatious, and or malicious. Accordingly, Akande is <u>WARNED</u> that further filings of this ilk will result in the imposition of sanctions, which may include an Order enjoining him from filing additional cases in this Court.[6]

---

[6] Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. <u>See</u> Fed. R. Civ. P. 11(b)(1), (2); <u>Eagle Eye Fishing Corp. v. Department of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); <u>Pronav Charter II, Inc. v. Nolan</u>, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. <u>See</u> <u>Navarro-Ayala v. Nunez</u>, 968 F.2d 1421, 1426 (1st Cir. 1992). In addition to Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. <u>See</u> 28 U.S.C. § 1927. Moreover, apart from authority under Rule 11 and section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. <u>See</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 46-50 (1991); <u>accord</u> <u>United States v. Kouri-Perez</u>, 187 F.3d 1, 6-8 (1st Cir. 1999) (same). Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. <u>Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc.</u>, 64 F.3d 735, 737 (1st Cir. 1995). Subjective bad intent is not necessary to justify an award for vexatious conduct,

5

## CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED *sua sponte* in its entirety, and Plaintiff is WARNED that he may be subject to sanctions should he continue to filing similar pleadings.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: May 10, 2012

---

Local 285 Service Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). This inherent authority includes the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427 (1st Cir. 1999) (*per curiam*) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) for the proposition that "[f]ederal courts . . . possess discretionary powers to regulate the conduct of abusive litigants" and Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (*per curiam*) for the power to enjoin a party from filing "frivolous and vexatious lawsuits" pursuant to such authority)).